# CHARLES H. NIX
## v.
# LAVINA J. WHITESIDE.

*Fraud—Action of Trespas—Conflict of Evidence.*

Where there is a sharp conflict of evidence on material points in the case and no error of law intervenes, the verdict of the jury is conclusive.

[Opinion filed December 7, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. ARBA N. WATERMAN, Judge, presiding.

Messrs. H. BOOTH and T. MORRISON, for appellant.

Messrs. RICHARD S. THOMPSON and GRANVILLE W. BROWNING, for appellee.

*Per Curiam.* This was an action of trespass on the case for alleged fraud and deceit on the part of appellant.

This case was tried by a jury and a verdict rendered against appellant, and he brings the record to this court, and in the briefs filed by his counsel no point of law upon the admission or rejection of evidence, or the giving or refusing instructions, is made, but the discussion is wholly confined to the question of fact. We have examined the record and find that it contains evidence, which, if believed by the jury, fully warranted the verdict rendered.

It is true there is a conflict of evidence, but the jury are much better fitted to settle such conflict than a reviewing court, and they are the tribunal instituted by the law and charged with the duty of determining issues of fact. Even in cases where, upon a consideration of all the evidence in the record, we should have reached a different conclusion from that reached by the jury, still, unless we can say that the conclusion

of the jury is unsupported by the evidence or that it is manifestly against the weight thereof, we should not be authorized to reverse.

It is for the jury to consider and determine what weight to give to particular circumstances, and what inference to draw from all the facts in evidence, and where the cause presents, as this does, a sharp conflict of evidence on material points in the case, and no error of law intervenes, the verdict reached by the jury is conclusive and binding on a court of review.

We find nothing in the case which would warrant an interference with the verdict by this court, and there being no error of law, the judgment must be affirmed.

*Judgment affirmed.*